IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILES DEAN FLEMING,<br>Plaintiff, | )<br>)<br>) | |
| v. | ) | 3:10-CV-1547-P-BK |
| CRAIG WATKINS, et al.,<br>Defendants. | )<br>)<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

This is a civil rights action brought by *pro se* prisoner, Miles Dean Fleming, pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 30-year sentence for aggravated assault with a deadly weapon. (Doc. 1 at 4). Defendants are present and former assistant district attorneys who were involved in his prosecution, the judge who oversaw the criminal prosecution, and the grand jury that returned the indictment against him. (*Id.* at 3).

Plaintiff alleges in his complaint and response to the Court's questionnaire that (1) his constitutional right to a speedy trial was violated; (2) he is being illegally confined; and (3) Defendants conspired to convict him illegally. (*Id.* at 3-4; Doc. 15 at 4-7). In his request for relief, Plaintiff asks that the charges against him be dismissed, he be released from prison, and he receive unspecified money damages. (Doc. 1 at 4; Doc. 15 at 2). Further, Plaintiff states that his

direct criminal appeal is pending, which the undersigned confirmed on the state appellate court website.[1] (Doc. 15 at 3).

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

## III. SECTION 1983 CLAIMS

Title 42 United States Code, section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (internal quotation omitted). To state a claim under section 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

### A. Prosecutors and Judge

Prosecutors are absolutely immune from liability for damages for activities that are

---

[1] http://www.5thcoa.courts.state.tx.us/search_c.htm

intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Similarly, judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity, even if the judge's acts are in error, malicious, or in excess of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Thus, to the extent Plaintiff is requesting monetary damages, the prosecutors and judge are absolutely immune from such liability.

To the extent Plaintiff requests injunctive relief in the form of his immediate release from prison, it appears he is asking the Court to intervene in his pending state criminal appeal. This the Court cannot do. Under the rule set out by the United States Supreme Court in *Younger v. Harris*, federal courts cannot grant injunctive relief based upon constitutional challenges to pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 41 (1971); *see also DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984) (holding that if a state action is pending at the time the federal complaint is filed, the federal action must be dismissed, and a state action is deemed "pending" until state appellate remedies are exhausted). Thus, Plaintiff's request for his immediate release from prison should be dismissed as frivolous based on *Younger* abstention.

Finally, even if Plaintiff's conviction ultimately is upheld on appeal, any injunctive relief this Court could consider in that regard would involve an assessment of the legality of Plaintiff's confinement, and such a challenge may only be brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

*B. Grand Jury*

Plaintiff's final claim for relief is against the unnamed private citizens who sat on the grand jury that returned the indictment against him. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (some quotations omitted). Nevertheless, a party who is not an official of the state can be liable under section 1983 if the private person is involved in a conspiracy with a state official to participate in the unlawful action. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Tower v. Glover*, 467 U.S. 914, 923 (1984) (remanding to the district court to determine whether a state public defender had engaged in conspiratorial action with state officials sufficient to impose section 1983 liability).

To withstand dismissal of a section 1983 conspiracy claim, however, a plaintiff still must plead "specific facts, not merely conclusory allegations." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). In this case, Fleming complains only that the grand jury returned an indictment against him "without a credible report" of the crime. This statement is simply conclusory and not based on any reference to material facts; thus, the allegations are insufficient to state a section 1983 claim. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1984) (holding conclusory a plaintiff's allegations that an attorney had conspired with a state judge as supposedly proved by the judge's commission of alleged errors, *ex parte* amendment to the court's judgment, and assessment of court costs against the plaintiff). Accordingly, Plaintiff's claims against the grand jury should be dismissed as frivolous.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** as frivolous.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED** on February 8, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE